ROTH, Circuit Judge,
dissenting:
I respectfully dissent. The majority holds that Stephanie Kanter, as the assign-ee of the Estate of Roberta Schwartz, did not have the right to institute and maintain the claims against the defendants until after September 14, 2001, the date of the decision in Wasserman v. Schwartz, 364 N.J.Super. 399, 836 A.2d 828 (N.J.Super.2001). The majority concludes that Kanter could not have instituted the Estate’s claim for the annuity until after that time because the Estate’s claim did not accrue until that date. In explaining this conclusion, the majority states: “At the time of the withdrawal in December 1999, the Estate had no legal interest in or right to the funds in the annuity.” Majority at 866. If that were so, I do not find any basis for the defendant’s being held liable to the Estate for having paid out funds in which the Estate had no legal interest and to which the Estate had no legal right. Moreover, the majority cites no basis to create such liability.
Contrary to the majority, however, I believe that the Estate did have a claim to funds in the annuity at the time they were paid out to Dr. Schwartz. As described by the majority, the Estate had been pursuing that claim in the Wasserman ease. In view of the undisputed facts, the majority’s reasoning seems to be based on a new version of the Discovery Rule under which it is not the discovery of facts but the *868 discovery of the new legal theory — here, the judicial ruling in the Wasserman case, validating the Estate’s theory of recovery — that determines when the cause of action accrues. The New Jersey Supreme Court has held, however, that a delay in determining the legal theory under which one will pursue a cause of action does not delay the accrual of the cause of action. See Burd v. New Jersey Telephone Co., 76 N.J. 284, 386 A.2d 1310, 1314 (1978) (holding that “[w]e find the trial judge to have been in error in concluding that regardless of when a claimant knows or reasonably should know the facts of the relationship of his injury to a particular source or cause, the applicable limitations period does not begin running until he learns from a lawyer that those facts equate with a legal cause of action against the producer or originator of the injurious source or cause.”). Following that precedent, I conclude that the “discovery” of the “new legal theory,” announced in Wasserman, is not recognized under New Jersey law as determining the accrual date of a cause of action.
Moreover, as set out above, this “new legal theory” was known to the Estate— and to the lawyers representing it — when the Wasserman case was filed. The lawyers for the Estate understood the concept that the Estate might recover part of Dr. Schwartz’s annuity. They in fact made that claim in Wasserman against Dr. Schwartz. And, indeed, the right to make such a recovery had been recognized elsewhere. See In re Estate of Diane L. Hackl, 231 Wis.2d 43, 604 N.W.2d 579, 585 (Wis.Ct.App.1999) (imposing a constructive trust on murdered spouse’s marital property interest in murdering spouse’s pension).
In addition, at least by the time of the Wasserman trial, the lawyers for the Estate were aware that the annuity had been paid out by Equitable to Dr. Schwartz. Clearly, everything that the Estate needed to know to pursue a recovery from the defendants was known to it more than six years before this action was brought. The action is, therefore, barred.
Finally, I am not aware of any precedent that holds that, after the statute of limitations has run, a plaintiff can look around for new sources of recovery if the plaintiff has failed to recover in full from the defendants already found to be liable. As noted above, the Estate had knowledge of facts and a legal theory under which it could have included defendants in the Wasser-man case — or, even if not pursuing them in that action, it could have brought an action within the six year limitations period after the Estate learned of the injury— ie., of the taking of the funds from the annuity.
For the reasons stated above, I submit that the judgment of the District Court should be affirmed.